HOOPER, Chief Justice
(dissenting).
On December 30, 1997, Financial Planning Alliance International (hereinafter “FPAI”) filed this action against Stacy Randal Hacker, seeking compensatory and punitive damages in connection with a securities transaction. On February 11, 1998, Hacker filed a pro se document entitled “Special Appearance to Present Motion Objecting to Jurisdiction,” asserting that the Jefferson Circuit Court did not have jurisdiction over his person or property because, he said, his contacts with the State of Alabama were insufficient for such jurisdiction. Hacker was a resident of Texas at that time. On April 23, 1998, Hacker, again pro se, filed three documents, including a motion to quash FPAI’s amendment to the complaint. On July 10, 1998, Brenda Stedham filed a “notice of special appearance” as Hacker’s attorney for the purpose of objecting to the court’s exercise of jurisdiction over his person or property. The parties filed several motions, including motions to postpone a hearing on Hacker’s motion to dismiss and a demand for arbitration filed by Hacker, through his attorney, Stedham. The court scheduled a hearing for May 7, 1999, for the resolution of all pending motions.
In early February 1999, FPAI sent Stedham a notice stating that it would depose Hacker on February 15, at Sted-ham’s office in Anniston. The notice also requested that Hacker produce certain documents. Stedham replied, stating that Hacker would not be available until after February 19. On March 8, Stedham sent FPAI’s attorney a letter to confirm an agreement that the depositions of the parties would be taken on April 16. FPAI sent a notice to Stedham stating that it would depose Hacker on April 16 at the offices of FPAI’s counsel in Duluth, Georgia. Stedham sent FPAI’s attorney a letter informing her that Hacker would not appear for a deposition in Georgia, but would be available to be deposed on April 16 in Dallas, Texas. On March 3 and March 10, FPAI’s attorney sent Stedham letters demanding that Hacker produce certain documents. On April 5, FPAI moved the trial court to compel Hacker to appear for deposition and to produce certain documents that FPAI claimed were relevant to the issue whether Hacker was subject to the jurisdiction of Alabama courts. On April 9, the trial court heard arguments on the motion and on April 12 granted it, ordering Hacker to appear for deposition on April 16 in Duluth, Georgia. Also, on April 12, Stedham moved for a protective order limiting the scope of FPAI’s discovery to matters relevant to the pending motions and requiring FPAI to depose Hacker in Texas. The trial court denied the protective order.
*48 On April 15, Stedham moved to withdraw as counsel, and Hacker filed a pro se “Motion to Reconsider Motion for Protective Order,” asserting that he had not received adequate notice of the April 9 hearing; that he did not know what documents he was supposed to produce at his April 16 deposition, and that he needed time to hire another lawyer. On April 19, the trial court granted Stedham’s motion to withdraw, directed Hacker to notify the court within 20 days of the name and address of his new attorney, and directed Hacker to appear for deposition, with or without an attorney present. FPAI rescheduled the deposition for May 7. On May 5, Hacker sent a letter to FPAI’s attorney informing him that he would not attend the deposition. On May 6, Hacker filed another motion for a protective order, which the trial court denied. On May 17, FPAI moved the trial court to impose sanctions against Hacker for his failure to comply with the trial court’s order compelling him to produce documents and to appear for deposition. The trial court scheduled a hearing on the motion for June 4. Hacker did not attend the June 4 hearing; during that hearing the trial court ruled that Hacker’s motions for protective orders were moot, that Hacker’s motion to quash FPAI’s “First Amendment to Complaint” was denied, that Hacker’s demand for arbitration was denied, and that FPAI’s motion for sanctions for failure to comply with discovery orders was granted. To sanction Hacker for his failure to comply with the discovery order, the trial court denied Hacker’s motion to dismiss for lack of subject-matter or personal jurisdiction and entered a default against Hacker. The trial court scheduled a July 2 hearing on the issue of damages. On July 1, Hacker filed a “Motion for Reconsideration and Renewed Motion to Dismiss,” which the trial court denied. Hacker did not attend the July 2 hearing and the trial court entered a judgment in favor of FPAI and against Hacker in the amount of $408,266.
The United States Supreme Court has held that a court can, “as a sanction for failure to comply with a discovery order directed at establishing jurisdictional facts, proceed on the basis that personal jurisdiction over the recalcitrant party has been established.” Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 695, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). In that case, the Supreme Court analyzed the appropriateness of the sanction based on the two standards set forth in Rule 37(b)(2), Fed.R.Civ.P.: “First, any sanction must be ‘just’; second, the sanction must be specifically related to the particular ‘claim’ which was at issue in the order to provide discovery.” 456 U.S. at 707, 102 S.Ct. 2099.
In Insurance Corp. of Ireland, the initial discovery request was made in July 1977. Despite repeated orders from the court to provide the requested material, none had been produced by December 21, 1978. At that point, the district court warned the defendants of a possible sanction and gave the defendants 60 days to comply with the discovery order. By April 19, 1979, the requested material still had not been produced; on that date the district court imposed the threatened sanction, finding that the defendants were subject to the Court’s jurisdiction.
The Supreme Court held in Insurance Corp. of Ireland that the sanction was “just.” That holding was based in large part upon the fact that the district court had specifically warned the defendants that if they did not provide the requested information within 60 days, the court would assume that personal jurisdiction existed. The district court had also informed the defendants that, even if they did not comply with the discovery order, the sanction would not be applied if they provided “statistics and other information” that would indicate a lack of personal jurisdiction. 456 U.S. at 708, 102 S.Ct. 2099. The Supreme Court held that “[t]his course of behavior, coupled with the ample warnings, demonstrates the ‘justice’ of the *49 trial court’s order.” 456 U.S. at 708, 102 S.Ct. 2099.
In contrast, the trial court in the present case never notified Hacker that if he failed to comply 'with the discovery orders the court would impose as a sanction an order denying his motion to dismiss for lack of personal jurisdiction. In addition, the defendants in Insurance Corp. of Ireland disobeyed the court’s discovery orders for almost two years before the court entered the sanction. In the present case, FPAI first gave notice that it would depose Hacker and first requested that Hacker produce certain documents, in February 1999. The trial court entered its sanction only four months later, without any warning to Hacker. During that four-month period, Hacker attempted to engage the protection of the trial court, but, instead, the trial court ordered Hacker, a resident of Texas, to appear for deposition in Georgia, in relation to a case filed in Alabama. When the trial court entered its order sanctioning Hacker, Hacker was without legal representation because his attorney had withdrawn.
I do not condone Hacker’s failure. to obtain another attorney and his failure to attend the June 4 and July 2, 1999, hearings. Nevertheless, in light of the facts of this case and the Supreme Court’s analysis in Insurance Corp. of Ireland, I think the trial court’s sanction was not proper. Therefore, I dissent from the affirmance of the default judgment.
LYONS, J., concurs.